UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRIAN L. ANDERSON,

       Petitioner,

  - vs -

JAY FORSHEY, WARDEN,
  Noble Correctional Institution,

       Respondent.

Case No. 2:25-cv-00459

Chief Judge Sarah D. Morrison
Magistrate Judge Michael R. Merz

## DECISION AND ORDER

This habeas corpus action, brought *pro se* by Petitioner Brian Anderson to obtain relief from his convictions for drug and firearms offenses, is before the Court on Petitioner's Objections (ECF No. 15) to the Magistrate Judge's Report and Recommendations recommending dismissal (ECF No. 14).

As required by 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b), the Court has reviewed the case *de novo* with particular attention to Petitioner's Objections. The Report focuses on Petitioner's two grounds for relief: failure to suppress seized evidence, asserted by Petitioner to violate the Fourth, Fifth, and Fourteenth Amendments, and conviction upon insufficient evidence in violation of the Due Process Clause of the Fourteenth Amendment. The Report concludes review of the merits of the Fourth Amendment claim is barred by *Stone v. Powell*, 428 U.S. 465 (1976), and the Ohio Seventh District's decision that there was sufficient evidence is entitled to deference under the Antiterrorism and Effective Death Penalty Act of

1

1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA").

Petitioner begins his Objections by noting that the courts used to expand the scope of habeas corpus, but have recently constricted that scope. That is certainly true of the *Stone v. Powell* decision and of AEDPA. But lower federal courts such as this one must conform its decisions to those of Congress and the United States Supreme Court. The Supreme Court has said "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982); *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506 (11th Cir. 1987).

## I. Fourth Amendment Claim

Petitioner objects to the application of *Stone* because he claims he did not get a full and fair opportunity to litigate his Fourth Amendment claims in that the state courts did not allow introduction of the searching officer's body cam footage or the transcript of Petitioner's municipal court preliminary hearing.

The motion to suppress hearing has been transcribed and is filed at State Court Record, ECF No. 10-1. It contains no reference to proffering the preliminary hearing transcript or the body cam footage. Challenged on this point in the Report, Petitioner objects that he did indeed call these exclusions to the attention of the Court of Appeals, but he cites filings made long after trial in variously titled *pro se* filings treated by the Ohio courts as post-conviction petitions under Ohio Revised Code § 2953.21. (See ECF No. 15, PageID 1016).

2

Ohio's procedure for litigating Fourth Amendment claims parallels that in the federal courts in prosecutions brought by the United States. The Ohio Rules of Criminal Procedure provide for filing a pre-trial motion to suppress and for a hearing on that motion outside the presence of a jury. Petitioner received that process, including a hearing at which he could have called witnesses or tendered exhibits. A trial court's ruling on that motion is subject to appeal and the ruling was appealed in this case. No case law known to this Court requires that the "full and fair opportunity" requirement is satisfied only if a State allows Fourth Amendment issues to be considered de novo after conviction. Because Ohio's doctrine of *res judicata* bars collateral consideration of matters which could have been raised on direct appeal (See *State v. Perry,* 10 Ohio St. 2d 175 (1967)), Petitioner's objection to applying *Stone* is without merit. The Magistrate Judge's recommendation to bar consideration of Fourth Amendment claims is adopted and Petitioner's Objections to that application are overruled.

## II.     Due Process Claims (Fifth and Fourteenth Amendments)

The Magistrate Judge limited his consideration of Ground One to the Fourth Amendment claim it contains. Petitioner objects that, as pleaded, Ground One also includes due process claims under the Fifth and Fourteenth Amendments. The substance of these clams again appears to be the failure or refusal to consider the preliminary hearing transcript and the bodycam footage (or at least some portion of the footage).

To prevail on such a claim, a habeas petitioner must show that the state

3

court decision of the claim was contrary to or an objectively unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Petitioner has not made that showing. In particular, there is no Supreme Court precedent known to the Court which requires admission of a preliminary hearing transcript or an entire length of body cam footage at trial as a matter of due process.

At several points in his Objections, Petitioner complains that he was not allowed to participate during times when he was represented by counsel, which he claims violates *Faretta v. California,* 422 U.S. 806, 835 (1975). *Faretta* protects the right of a criminal defendant to represent himself in a criminal case. But there is no constitutional right to hybrid representation, with a defendant representing himself and also having counsel. *McKaskle v. Wiggins*, 465 U.S. 168 (1984). From many examples in the State Court Record, it appears that Petitioner wished to participate even when he had counsel. The Constitution does not recognize such a right.

### III.   Insufficient Evidence

In his Second Ground for Relief, Petitioner asserts he was convicted on insufficient evidence. The Report concluded that the Seventh District Court of Appeals applied the correct governing standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), and its application was objectively reasonable and therefore entitled to deference under AEDPA.

The Objections focus on the asserted failure of the State to prove that Petitioner knowingly possessed the shotgun he was convicted of possessing.

"Knowingly" is an essential element of the one of the offenses of which Petitioner was convicted: Petitioner was charged and convicted of knowingly possessing a piece of dangerous ordnance, a shotgun. But on direct appeal Petitioner did not challenge proof of the knowingly element, only whether the weapon had been shown to be operable. *State v. Anderson, supra*, ¶ 55. The Court went on to find there was indeed sufficient proof of the other elements, including a stipulation that Anderson was under a disability by virtue of a pending drug indictment in another county. *Id.*

Petitioner contests the finding that he knew he was in possession of the shotgun (which was found between the passenger seat where he was seated and the passenger door) by claiming it was covered by debris. (ECF No. 15, PageID 1023). He cites no record reference for that asserted fact. He certainly did not testify to that fact at trial: the trial transcript shows he did not testify. (ECF No. 10-2, PageID 744).

### IV. Conclusion

Having reviewed the Report *de novo*, the Court adopts it and overrules Petitioner's Objections. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, the Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**